UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x  COMPLAINT
JURY TRIAL DEMANDED

LEON BODDEN

      **Plaintiff,**

      vs.

MARCUS EVANS NORTH AMERICA

      **Defendant.**
-----------------------------------------------------------------x

Plaintiff by his attorneys **LONNIE HART JR. P.C.** complaining of the Defendants, respectfully shows and alleges as follows:

## COMPLAINT

1. This case involves discrimination in employment based upon race and color, the creation of a hostile work environment and retaliation. This action is brought by Leon Bodden. Plaintiff charges that the Defendant is discriminating against him regarding the terms and conditions of his employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq*. Plaintiff also asserts pendent State claims for race, and color, discrimination pursuant to New York State Constitution Article I § 11 and New York State Executive Law Section 296 *et Seq.*

## JURISDICTION

2. This Court is vested with jurisdiction pursuant to 28 U.S.C. §§1331, 1343(3) and 1343(4), and 42 U.S.C. § 2000e-5(f)(3). Jurisdiction over Plaintiff's claims arising under State Law is based upon doctrine of supplemental jurisdiction and on 42 U.S.C. § 1988(a).

## PARTIES

3. Plaintiff LEON BODDEN is an African-American male, who is dark skin in color, and a United States citizen who was previously employed by defendant Marcus Evans as a Strategic Liaison.

4. Defendant Marcus Evans( hereinafter "Marcus Evans") is a Public corporation created and existing under the laws of the United Kingdom; bound by every state in which it transacts business, including the state of New York.

## ALLEGATIONS OF FACT

5. Plaintiff began his employment with Marcus Evans on or about July 28, 2015 as a Strategic Liaison.

6. Plaintiff was hired and supervised by Global Director George Theodoropoulos.

7. Within days of being hired, Mr. Theodoropoulos invited plaintiff and other employees of Marcus Evans for after work drinks at a local restaurant.

8. As Mr. Theodoropoulos began to drink heavily, he repeatedly used the word "nigger" while speaking to plaintiff.

9. The racial slur was used in a casual and conversational context which made plaintiff immediately uncomfortable.

10. Upon information and belief, other co-workers of Marcus Evans including supervisor named Evan Matthews were present and heard the racial slurs spoken by Mr. Theodoropoulos.

11. Upon information and belief, a couple of weeks after plaintiff was hired, the staff was gathered into a conference room for a meeting.

12. After the meeting concluded, Plaintiff was asked to dance and sing in front of the other staff members for their enjoyment.

13. Plaintiff did as he was told but later felt humiliated and began to believe he was singled out for this harassment because of his race.

14. It should be noted no other employee was asked to sing or dance at the meeting.

15. Days later, as Plaintiff returned to his desk from lunch, Mr. Theodoropoulos approached plaintiff and stated in sum and substance, "Why do you look so tired? Do you have nigger-itis?"

16. Plaintiff was taken aback and offended by this comment and voiced his displeasure to Mr. Theodoropoulos.

17. Later the same day, Mr. Theodoropoulos gathered the staff for a meeting, telling them they needed to have tougher skin to make it in Marcus Evans.

18. Plaintiff was also told privately by Raymen Grewal, an East Asian female supervisor that he needed to "take it on the chin" and that "they do the same thing to me."

19. In late August of 2015, plaintiff again was returning to his desk after lunch when Mr. Theodoropoulos again approached him and said he looked like he had nigger-itis.

20. This time however, Plaintiff complained to Mr. Theodoropoulos directly telling him in sum and substance that plaintiff would not allow Mr. Theodoropoulos to call him a nigger any longer.

21. At this time, Mr. Theodoropoulos asked plaintiff to come to his office to speak in private.

22. In the office, plaintiff again voiced his displeasure at being called a nigger by Mr. Theodoropoulos on numerous occasions.

23. Upon information and belief, Plaintiff was fired by Mr. Theodoropoulos the very next day.

24. Both Mr. Theodoropoulos and Ms. Grewal were present when plaintiff was terminated.

25. When plaintiff inquired as to why he was being fired, he was told it was because he lacked maturity.

26. The plaintiff spent approximately one month in the employ of defendant Marcus Evans and during that time he was subjected to racial slurs and harassment at the hands of Marcus Evans employees.

27. Plaintiff also heard and witnessed other minorities subjected to harassment and racial animus in the office.

28. Plaintiff overheard supervisor Evan Matthews make racially insensitive remarks to and about Indian-Americans.

29. Upon information and belief, there were at least three employees of Indian descent in the office including Raymen Grewal.

30. Plaintiff also heard Marcus Evans employee Mike Evian make inappropriate comments towards Ms. Grewal.

31. The comments were personal in nature and related to her being married and her relationship with her husband. Conversations and comments which have no place in a work environment.

32. Upon information and belief, Marcus Evans has failed to discipline anyone for their racist behavior.

33. Based upon the behavior of the employees of Marcus Evans, plaintiff was subjected to a hostile work environment and was promptly fired when he complained about being called a nigger.

34. Plaintiff filed a complaint with the Equal Employment Opportunity Commission and received his right to sue letter dated June 30, 2016. (Attached as Plaintiff's Exhibit A.)

## CLAIM ONE- RACE, COLOR DISCRIMINATION UNDER TITLE VII

35. Plaintiff adopts and repeats the allegations of paragraphs 1 through 34 as though set forth at length herein.

36. All of the adverse actions taken against Plaintiff was motivated by race and color and were performed with the intent to discriminate based on race and color.

37. The Defendant's above described discriminatory conduct against the Plaintiffs violates their rights under 42 USC § 2000e-2, which makes it an unlawful employment practice for an employer to fail or refuse to hire any individual because of his race, or to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual or employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race.

38. As a direct and proximate result of the Defendant's wrongful actions complained of herein, Plaintiff has suffered a loss of substantial income and professional opportunities with Marcus Evans as a result of his employment being terminated, as well as irreparable injury to his personal and professional dignity and reputation and has suffered mental anguish and extreme emotional distress.

39. As a consequence of Defendant's wanton and reckless disregard for Plaintiff's civil rights, Plaintiff is entitled to compensatory and punitive damages in the amount of $300,000.

## CLAIM TWO- DISPARATE TREATMENT UNDER TITLE VII

40. Plaintiff adopts and repeats the allegations of paragraphs 1 through 39 as though set forth at length herein.

41. The Defendant's unlawful discrimination against the Plaintiff is willful and deliberate and is based upon policies and practices which deny African American males the equal opportunity to work for Marcus Evans. As a result, Plaintiff had received disparate treatment in the workplace.

42. The defendant intentionally fired Plaintiff in retaliation for his complaints.

43. Due to this disparate treatment, Plaintiff has been made to suffer a daily barrage of taunts, insults from his supervisors at Marcus Evans.

44. As a direct and proximate result of the Defendant's wrongful actions complained of herein, Plaintiff has suffered a loss of substantial income and professional opportunities, as well as irreparable injury to Plaintiff's personal and professional dignity and reputation and has suffered mental anguish and extreme emotional distress.

45. As a consequence of Defendant's wanton and reckless disregard for Plaintiff's civil rights, Plaintiff is entitled to compensatory and punitive damages in the amount of $300,000.00.

## CLAIM THREE- DISPARATE IMPACT UNDER TITLE VII

46. Plaintiff adopts and repeats the allegations of paragraphs 1 through 45 as though set forth at length herein.

47. Based upon the defendant's intentional unlawful discrimination based upon the race of Plaintiff and the resulting disparate treatment, the Plaintiff has been impacted differently than others similarly situated employees of Marcus Evans.

48. The Defendant's unlawful discrimination against the Plaintiff is willful and deliberate and is based upon policies and practices, where Black males are not given the equal opportunity to work as Strategic Liaisons for Marcus Evans. As a result, Plaintiff suffered disparate impact in the workplace.

49. The defendant intentionally fired Plaintiff in retaliation for his complaints about racial slurs in the workplace.

50. Due to defendant's unlawful discrimination based upon the race of the Plaintiff and the resulting disparate treatment, Plaintiff has suffered disparate impact, in that Plaintiff has been made to suffer a daily barrage of taunts and insults from Marcus Evans supervisors and employees.

51. As a direct and proximate result of the Defendant's wrongful actions complained of herein, Plaintiff has suffered a loss of substantial income and professional opportunities, as well as irreparable injury to Plaintiff's personal and professional dignity and reputation and has suffered mental anguish and extreme emotional distress.

52. As a consequence of Defendant's wanton and reckless disregard for Plaintiff's civil rights, Plaintiff is entitled to compensatory and punitive damages in the amount of $300,000.

## CLAIM FOUR- HOSTILE WORK ENVIRONMENT UNDER TITLE VII

53. Plaintiff adopts and repeats the allegations of paragraphs 1 through 52 as though set forth at length herein.

54. Based upon the defendant's intentional unlawful discrimination based upon the race of Plaintiff and the resulting disparate treatment and disparate impact, the Plaintiff was subjected to a hostile work environment created by the employees and managers of the defendant Marcus Evans.

55. The Defendant's unlawful discrimination against the Plaintiff was willful and deliberate and is based upon policies and practices, where Black males are not given the equal opportunity to work as Strategic Liaisons for the Marcus Evans. As a result, Plaintiff has been subjected to a hostile work environment.

56. The defendant intentionally fired Plaintiff in retaliation for his complaints about racial slurs in the workplace.

57. Due to defendant's unlawful discrimination based upon the race of the Plaintiff and the resulting disparate treatment and disparate impact, Plaintiff has labored under a hostile work environment, in that Plaintiff has been made to suffer a daily barrage of taunts and insults from Marcus Evans supervisors and employees.

58. As a direct and proximate result of the Defendant's wrongful actions complained of herein, Plaintiff has suffered a loss of substantial income and professional opportunities, as well as irreparable injury to Plaintiff's personal and professional dignity and reputation and has suffered mental anguish and extreme emotional distress.

59. As a consequence of Defendant's wanton and reckless disregard for Plaintiff's civil rights, Plaintiff is entitled to compensatory and punitive damages in the amount of $300,000.

**CLAIM FIVE- RACE DISCRIMINATION UNDER TITLE VII**

60. Plaintiff adopts and repeats the allegations of paragraphs 1 through 59 as though set forth at length herein.

61. Based upon the defendant's intentional and unlawful discrimination based upon the race of Plaintiff and the resulting disparate treatment and disparate impact, the Plaintiff has been discriminated against on the basis of race by the employees and managers of the defendant Marcus Evans.

62. The Defendant's unlawful discrimination against the Plaintiff is willful and deliberate and is based upon policies and practices which deny African-American males the equal opportunity to work as a Strategic Liaison for Marcus Evans. Marcus Evans has prevented African-Americans from advancing and being promoted in the organization, while white workers are promoted to high level positions almost immediately. African American workers are also not being paid at the same rate as their Caucasian counterparts.

63. Due to defendant's unlawful discrimination based upon the race of the Plaintiff and the resulting disparate treatment, disparate impact, and hostile work environment, Plaintiff has been discriminated against by the Marcus Evans on the basis of race.

64. As a direct and proximate result of the Defendant's wrongful actions complained of herein, Plaintiff has suffered a loss of substantial income and professional opportunities, as well as irreparable injury to Plaintiff's personal and professional dignity and reputation and has suffered mental anguish and extreme emotional distress.

65. As a consequence of Defendant's wanton and reckless disregard for Plaintiff's civil rights, Plaintiff is entitled to compensatory and punitive damages in the amount of $300,000.00.

## CLAIM SIX-EMPLOYMENT DISCRIMINATION UNDER NEW YORK CITY ADMINISTRATIVE LAW §8-107(1)

66. Plaintiff adopts and repeats the allegations of paragraphs 1 through 65 as though set forth at length herein.

67. Defendants' conduct was motivated by the intent to discriminate against Plaintiff based on race in violation of New York City Administrative Code §8-107(1).

68. The Defendants' unlawful racial discrimination against the Plaintiff is willful and deliberate and is based upon policies and practices, which deny African American males the equal opportunity to work as Strategic Liaisons for Marcus Evans.

69. As a direct and proximate result of the Defendants' wrongful actions complained of herein, Plaintiff has suffered a loss of substantial income and professional opportunities, as well as irreparable injury to Plaintiff's personal and professional dignity and reputation and has suffered mental anguish and extreme emotional distress.

70. As a consequence of Defendant's wanton and reckless disregard for Plaintiff's civil rights, Plaintiffs are each entitled to compensatory and punitive damages in the amount of $5,500,000.00.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that after a hearing on the matters alleged herein, the Court will grant the following relief:

A. Issue a declaratory judgment declaring that the wrongs complained of herein violate the rights of Plaintiff guaranteed by the Fourteenth Amendment to the Constitution of the United States, Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000(e) *et seq*., New York State Constitution Article I § 3 and New York State Executive Law Article 15 § 296 (1)(a) and (7) and New York City Administrative Code §8-107 (1).

B. Award Plaintiff compensatory and punitive damages.

C. Retain jurisdiction of this action for a sufficient time to ensure full compliance with the equitable relief requested herein.

D. Award Plaintiff his costs incurred in this case, together with reasonable attorneys' fees and expenses and expert fees, pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k).

E. Grant Plaintiff such additional and further relief as the Court may deem just and equitable under the circumstances.

Dated: Brooklyn, New York
September 22, 2016

*LONNIE HART JR. P.C.*
*Attorneys for Plaintiff*
26 Court Street, Suite 714 Brooklyn, New York 11242 (718) 246-8200